STEEB *v.* WASHINGTON BUILDING CO.

1. BOUNDARIES—EJECTMENT—WEIGHT OF EVIDENCE.

In ejectment proceedings, where defendant was adjudged guilty of withholding from plaintiff a rectangular strip of land 22 feet long by 6 inches wide, but plaintiff's own testimony showed that while said strip was 6 inches wide at one end it narrowed to a point at the other end, the verdict must be *held*, to be against the clear weight of the evidence.

2. APPEAL AND ERROR—JUDGMENT WILL BE ASSUMED TO FOLLOW VERDICT.

Where the verdict of the jury adjudged defendant guilty of withholding from plaintiff a strip of land part of which was concededly in possession of plaintiff, it will be

assumed, on error, that the judgment, which is not printed
in the record, followed the verdict, and that defendant was
prejudiced thereby.

3. BOUNDARIES—INSTRUCTIONS—TRIAL.
   An instruction by the trial judge, based on plaintiff's
   undisputed record title to land up to the boundary line,
   that no competent evidence had been introduced disput-
   ing plaintiff's record title to the strip of land in dispute,
   was misleading where the testimony as to where the strip
   lay with reference to the boundary line was in conflict.

Error to Washtenaw; Sample (George W.), J. Sub-
mitted April 4, 1922.   (Docket No. 20.)   Decided
July 20, 1922.   Rehearing denied November 2, 1922.

Ejectment by Wilhelmina Steeb against the Wash-
ington Building Company.   Judgment for plaintiff.
Defendant brings error.   Reversed.

*Arthur Brown,* for appellant.

*Cavanaugh & Burke* (*Henry C. Bogle,* of counsel),
for appellee.

The premises involved in this ejectment suit are
located on lots 7 and 8 of block 1 of the original plat
of the village (now city) of Ann Arbor and are in
the business section of the city, plaintiff's property on
which a store building has been erected being to the
west of the defendant's property.   Plaintiff's store
building faces on Washington street; on the east is a
row of stores also facing on Washington street.   At
the rear of this row of stores there was until 1919
a vacant piece of property fronting on Fourth avenue
approximately 20 feet in width and running back to
the Steeb property.   When the Steeb store building
was erected (or extended) in 1895 the foundation was
projected some 6 inches beyond its east wall.   When
defendant decided to erect a building on its property
negotiations were had with plaintiff, the character of

such negotiations being in dispute, plaintiff claiming that defendant sought permission to erect its wall or a portion thereof on the protruding foundation, while defendant insists that it sought permission to use plaintiff's wall for the joists of its building. No agreement, however, was reached and defendant secured the services of a surveyor and claiming the right so to do erected a portion of its wall on the protruding foundation. This action resulted. The plaintiff in her declaration described said premises as follows:

"All that land covered by the store of the Washington Building Company and lying west of the line drawn from the mid-point in the southerly line of lot seven to the mid-point of the northerly line of lot eight, block one south, range four east, Ann Arbor, Michigan. Said parcel of land being more particularly described as follows: Beginning in a point in the line running north and south which divided lots seven and eight in block one south, range four east, into two equal parts, said point being forty-eight and ˙ one-hundredths feet south of the north line of lot eight; thence south along said line twenty-two feet; thence west five-hundredths feet; thence north twenty-two feet; thence east five-hundredths feet to the place of beginning."

This litigation involves the strip upon which defendant has erected its wall. From an adverse verdict and judgment for all that plaintiff claimed, defendant here reviews the case, assigning error on the refusal of the court to direct a verdict in its favor, refusal to give certain requests, to the charge of the court, and to the refusal of the court to grant defendant's motion for a new trial based in part on the ground that the verdict was against the weight of the evidence.

FELLOWS, C. J. (*after stating the facts*). By the verdict defendant has been adjudged guilty of withholding from the plaintiff a rectangular strip of land

22 feet by 6 inches. This is assailed as being against the weight of the evidence and it is insisted that the overwhelming weight of the evidence, if not the undisputed evidence, establishes that as to a portion at least of this rectangular strip defendant has title and right to possession. We shall consider this question first. Some further statement of the facts may be necessary to a full understanding of this and other questions involved and it will be made as we proceed. It will be noted from the description found in the declaration that the rectangular strip claimed by plaintiff to be unlawfully withheld by defendant lies west of the center line of the two lots. Plaintiff claims no record title to property east of the center line, and defendant claims no record title to property west of the center line. Indeed, one of the crucial litigated questions was where the center line runs, defendant's contention being that it runs farther west than plaintiff claimed it runs and that the title to at least a portion of the land covered by the wall is and has been in it and its predecessors; and, if not, that it has acquired title by adverse possession. There was testimony given on behalf of defendant of actual measurements tending to show that the major portion at least of the wall was east of the center line, that the major portion, at least, was not on the land to which plaintiff had record title, not on the lands described in plaintiff's declaration. We need not consider the probative force of actual measurements as compared with estimates of witnesses as plaintiff's own surveyor after testifying to placing a mark on defendant's building (sometimes called in the record the Hutzel building) where he located the true line at that point, further testified in his examination in chief:

"The mark made on that portion of the Hutzel wall that overruns the west half of the lot, was simply a scratch, about five feet from the ground,

made in six inches on the wall of the Hutzel store. As the line continues down to the front of the property, that is, where the two buildings meet or join at the front, there is no encroachment; if any, very little. In the front of the property there is a slight abutment on each property. That brings the point where they would come, if continued, about an inch apart, or a little more."

From this, plaintiff's own testimony, it is established that defendant is not withholding a rectangular strip of land 22 feet long and 6 inches wide, but taking this testimony as absolutely true, defendant is withholding a wedge-shaped strip of land 6 inches wide at the north end and of lesser width at the south end. The verdict is, therefore, not only against the clear weight of the evidence, but is in direct conflict with plaintiff's proofs. Nor can we follow plaintiff's counsel in their contention that defendant is not harmed by this verdict. Defendant has been found guilty of unlawfully withholding lands concededly in the possession of plaintiff. The judgment is not printed in the record but we may assume it follows the verdict and that the writ of possession would, if issued, follow the judgment and would no doubt be served according to its command.

The trial judge charged the jury:

"I instruct you further that no competent evidence has been introduced which disputes Mrs. Steeb's record title to the strip of land in question. That is, the deeds conveying that strip of land to Mrs. Steeb give her clear title to it in fee, and the only title which the defendant can rely upon is that it has been in continuous, open, adverse and hostile possession of the strip for more than fifteen years, and that because of this, Mrs. Steeb has lost her rights in it, and the defendant company has acquired them."

This instruction is defended by plaintiff's counsel with the claim that the lands described in the declaration are on the west side of the center line, and that

as to the lands west of this line there is no dispute as to plaintiff's record title. This statement of counsel is literally correct but we do not think it answers the objection to this instruction in view of the issues submitted to the jury. As we have heretofore stated, one of the questions tried out was where was this wall located. If it was all on the west side of the center line then plaintiff had record title; if it was all or in part east of the center line plaintiff did not have record title. The instruction without qualification that plaintiff had the record title would naturally lead the jury to understand that she had such record title irrespective of whether the strip lay west or east of the center line in whole or in part. We think this was prejudicial to defendant's rights. We do not think admissions of plaintiff would dispute the record title. They were admissible upon the question of where the true line was, and probably on the question of adverse possession, but they could not be considered as evidence against the documentary proof of record title.

There was an abundance of evidence to take the question of adverse possession to the jury and the trial judge properly overruled defendant's motion for a directed verdict. The charge in the main was favorable to the defendant, but for the errors pointed out the case must be reversed with a new trial. Defendant will recover costs of this court.

WIEST, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.